## MAHER ET AL. *vs.* OVERTON.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

In an action by the acceptors of a bill against the drawer, who directed it to be charged to account of the steamer Walter Scott: *Held*, that the agency of the drawer is apparent on the face of the bill, by directing it to be charged to account of the steam-boat, which negatives the idea that he was to be personally bound.

This is an action by the acceptors against the drawer of the following bill:

"$600.    New-Orleans, August 18th, 1834.
"Four months after date, please pay to Messrs. J. C. Garthwaite & Co., or order, the sum of six hundred dollars, value received, *and charge the same to account of* steamer Walter Scott.

"Oblige yours,
"J. P. Overton."

"To Messrs. M. & P. Maher, Merchants, New-Orleans."
(Written on the face) "Accepted,    M. & P. Maher."
(Endorsed on the back)    "J. C. Garthwaite & Co."
"Office of the Bank of the United States.
"Received payment on the 24th December, 1834.
P. Martin, Note Clerk."

The plaintiffs allege that when this bill was accepted and paid by them, they had no funds of the drawer or of the steamer Walter Scott in their hands.    They further allege, that the defendant is part owner of the steamer Walter Scott, and they pray that his interest therein be attached, and that they have judgment for the amount of their claim and interest.

The attorney appointed to defend the absent defendant in this case, pleaded a general denial.

EASTERN DIST.   Upon these pleadings, the parties went to trial before the
*January*, 1836.  court.   The judge who tried the case, was of opinion the
MAHER ET AL.   plaintiffs had shown no cause of action against the defendant.
*vs.*          Judgment was, therefore, rendered in his favor, from which
OVERTON.       the plaintiffs took an appeal.

*Reynolds*, for the plaintiffs.

1. The defendant is liable, personally, because the draft or bill sued on, is signed by him in his individual capacity, and not as agent of the steamer Walter Scott, or of any other person.   A power to draw as agent, must be express and so stated.   Where an agent contracts in his own name, he adds his personal responsibility to that of his principal, even if he is empowered to act or draw bills.   *Collier on Partnership*, 652. 4 *Louisiana Reports*, 64.   *Louisiana Code*, 2966.   *Chitty on Bills*, (*small edition*) 35–6.

2. The direction on the face of the draft to the acceptors, to charge the *same* to account of steamer Walter Scott, is not sufficient to shift the responsibility from the defendant, and require the plaintiffs to look to the steam-boat.   Nor can it induce the court to raise the legal presumption that he acted as agent of the boat, so as to render its owners liable. The provision of the Code is express on this subject. *Louisiana Code*, 2966.

The obligation sued on, is in the nature of a bill of exchange ; is signed by the drawer in his own name and capacity, alone.   He thereby became personally and absolutely bound.   The commercial law requires an agent drawing bills, to write the name of his principal, or state expressly in writing, that he draws as agent, &c., and is not to be liable personally ; and if a person draws in his own name, without stating that he acts as agent, he will be personally liable, unless in case of an agent contracting for government. *Chitty on Bills*, edition 1826, *page* 27, *and note* 36, *there cited.* 11 *Mass. Reports*, 54.

*P. F. Smith*, for the defendant.

1. It is evident on the face of the draft, that the defendant drew it as agent of the . steam-boat; he can only be made liable by showing he ·was without or exceeded his authority in drawing it. *Louisiana Code,* 2982.

2. The plaintiffs alone knew when the draft was presented, whether they had funds of the steamer Walter Scott in their . hands or not. Their acceptance and payment of it raises the · legal presumption that they had funds, which throws the burden of proof on them that they had no funds of the steam-boat.

3. The defendant cannot be made liable now as drawer on a bill which has been paid, or which has been specially for . his honor. He can only be liable as for money advanced for his use, and the plaintiffs must show that it was.

4. There is no proof of want of funds of Overton in the hands of the plaintiffs. It is a legal presumption that the drawer has funds in the hands of the drawee and acceptor. The principles involved in this case are precisely the same as those decided in the case of *Clegg et al.* vs. *Alexander,* 6 *Louisiana Reports,* 336.

*Sterrett,* for plaintiffs, argued in reply.

*Martin, J.,* delivered the opinion of the court.

This is an an action by the acceptors against the drawer of a bill of exchange for the sum of six hundred dollars.

The plaintiffs having accepted the bill, and paid it at maturity to the holders, without any funds of the drawer being in their hands, instituted suit against the latter to recover the money advanced on his bill. The defendant resisted the demand on the ground that he drew as agent of the owners of the steamer Walter Scott, and was not, therefore, personally bound. Judgment was rendered in his favor, from which the plaintiffs appealed.

Many authorities have been cited and read to the court to show, that as the defendant did not annex the word *agent* to his name in signing the bill, that he thereby added his personal responsibility to that of his employers.

EASTERN DIST.
*January,* 1836.

MAHER ET AL.
*vs.*
OVERTON.

In an action by the acceptors of a bill against the drawer, who directed it to be charged to account of the steamer W. Scott: *Held,* that the agency of the

EASTERN DIST.    It does not appear to this court, that the judge who tried
*January*, 1836.  the case in the first instance, erred in the judgment he
M'MILLAN       rendered.    We are of opinion, that the agency of the drawer
*vs.*
GIBSON ET AL.  is apparent on the face of the bill.    This clearly results from
drawer is appa- the tenor of it, in which the plaintiffs are directed to *charge*
rent on the face
of the bill, by the *same* to the account of the steamer Walter Scott, and
directing it to which excludes or negatives the idea of a personal charge to
be charged to
account     of the drawer.
the steam-boat,
which negatives
the idea, that he    It is, therefore, ordered, adjudged and decreed, that the
was to be per-
sonally bound. judgment of the Parish Court be affirmed, with costs.