## No. 3729.—James Milligan v. David M. Lyle.

A person who has been acting as agent for another, can not be held personally liable for a draft which he has given in favor of a third person, if the consideration for which the draft was given inured to the benefit of his principal, especially if it be shown that the payee of the draft knew at the time he took it that the drawer was only acting as agent or overseer for another; the agent would be still less liable if the draft itself showed on its face that it was not to be charged to the drawer, but to be charged to the account of his principal.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn, J. J. G. White,* for plaintiff and appellant. *R. A. Hunter,* for defendant and appellee.

Ludeling, C. J. The plaintiff sues the defendant on the following instrument:

"Wellswood, March 12, 1867.

"Messrs. Darby, Mouton & Co.:

"Sir—Please pay to the bearer, James Milligan, the sum of five hundred and seventeen dollars and fifty cents, for ditching on Wellswood plantation, and charge the same to John N. Lyle's account.

Oblige, yours,                    DAVID M. LYLE."

This instrument was given by the defendant, overseer of the Wellswood plantation, cultivated by his brother John N. Lyle and Montfort Wells.

The plaintiff's own testimony shows that, before he went to work on the Wellswood plantation, he had been ditching for the sons of Montfort Wells, in the neighborhood; that he knew that Montfort Wells lived on the Wellswood plantation; that he and other workmen went there to see General Wells to get work; that they were sent by General Wells to D. M. Lyle, who put them to work, and plaintiff declares that he "did not know D. M. Lyle was anything more than a manager on the Wellswood plantation."

James Reagan swears that he worked on the Wellswood plantation; that the plaintiff was at work there before he went there; that for the work done by him David M. Lyle gave him a draft, signing the name of J. M. Lyle, which was paid.

David M. Lyle swears that he was only overseer on the plantation; that he never pretended to be anything else; that at the time he gave the draft he explained to the plaintiff how the draft was drawn, and that the crop on the place was bound for the debt; that he tried to explain to him that the draft was John N. Lyle's, and not his; and that he never received any consideration for the draft sued on.

General Wells testified as follows: "When, or just before the plaintiff was employed on the place, the defendant in this suit came and asked me if the plaintiff should be employed on the plantation to do some ditching. I told him it was needed on the plantation, and to engage the plaintiff to do it. The defendant Lyle was nothing more than an overseer on the plantation. The plaintiff had been

ditching on the Lodi plantation, for my sons, before he came to Wells-wood. My sons sent him to me after he had finished with them." He further states that "David N. Lyle was the manager and overseer, and agent on the place of John N. Lyle. He contracted and paid debts, which his brother recognized. The plaintiff, Milligan, knew witness quite well, and knew that he owned the Wellswood plantation, and that the Lyles did not. He also knew that witness was in-terested in the crop and its cultivation, at the time he worked there. He was also acquainted with John N. Lyle, the other partner, at the time he worked there. It was generally known that David N. Lyle was nothing more than a manager and overseer on the plantation."

Thus it is shown that the defendant has acted throughout this trans-action as an agent; and that the plaintiff knew this. His failure, therefore, to add *agent* after his signature is not material. 3 M. 642; 10 La. 388; 3 R. 378; 12 R. 16; 18 An. 113; 21 An. 223. But we think the agency of the drawer is apparent on the face of the draft. He says, "Charge the same to John N. Lyle's account." This clearly negatives the idea that it should be charged to him. The case of Moher et al *v.* Overton (in 9 La. 115), is directly in point. It is clear that David N. Lyle never received any consideration whatever for the draft. It is stated on the face of the draft that it was for ditching on the Wells-wood plantation, with which he had no connection, except as an over-seer. Nor is it proved that credit was given to him. Even if he had exceeded his authority in giving the draft, under the impression that he had the right to do so, we do not think, under the circumstances of this case, that he would have rendered himself responsible; certainly not on the draft. Parsons' Mercantile Law, 147.

It is therefore ordered and adjudged that the judgment of the dis-trict court be annulled and that there be judgment in favor of the de-fendant for costs in both courts.