**ROSENBERG v. ESTRADE**

---

(April 29, 1929. Opinion and Decree.)

---

Joseph Rosenberg, of New Orleans, attorney for plaintiff, appellee.

Dart and Dart and Louis C. Guidry, of New Orleans, attorneys for defendants, appellants.

WESTERFIELD, J. This is a suit by a real estate agent for a commission. One of the defendants, Emile Estrade, owned a certain piece of real estate. He was called upon by the plaintiff, Nathan Rosenberg, for the purpose of having the property listed with him for sale. Emile Estrade directed plaintiff to take the matter up with his son, Herman Estrade, with the result that an exclusive agency contract authorizing plaintiff to sell the property for $11,200.00, or "any other amount agreed upon," and stipulating to pay plaintiff 4 per cent commission, was signed by Herman Estrade.

A number of offers submitted to Herman Estrade by plaintiff were rejected by him. Finally one John Howard agreed to pay $10,678.00, which offer was accepted by Herman Estrade, and the title to the property delivered to the intending purchaser for the purpose of examination. The title was approved, and the act of sale prepared by Harry McEnery, Notary Public, but the sale failed of consummation due to the refusal of Emile Estrade to complete the transaction.

After putting Emile Estrade in default, plaintiff brought this suit for $428.00, being 4 per cent of the offer which he had obtained, against Emile Estrade and Herman Estrade in solido. The Court, a qua, dismissed the suit as to the son, Herman Estrade, and rendered judgment against the father, Emile Estrade, as prayed for. Emile Estrade has appealed and plaintiff has acquiesced in the judgment by failing to appeal or to answer the appeal.

The payment of the commission is resisted on the ground that the act of the son, who did not own the property, was not binding on the father. It is argued that since the name of Emile Estrade does not appear in the body of the agency contract, nor, the word "agent" after the name of Herman Estrade, there can be no liability in Emile Estrade because he is not a party to the transaction.

When the father was on the stand he was asked whether he had not directed plaintiff to "see my son, he has the matter in charge," and he answered "that's to get rid of real estate men." It is apparent, therefore, that defendant referred plaintiff to his son as one having authority to act for him in the matter, and that plaintiff was justified in relying upon the authority thus conferred in conducting all future dealings in regard to the sale of the property with the son. It is immaterial that the father took this course in the belief that he was getting rid of the importunity of "real estate men." Insofar as plaintiff is concerned there was every reason to believe that the father intended that the son should represent him in the transaction. The mere fact that the son signed the agency contract and the acceptance of the purchaser's offer in his own name, without qualification, is immaterial.

"When the principal has actually or by his course of dealing, authorized the agent to execute contracts or make and endorse paper in his own name, the principal cannot escape liability on such contracts on the ground that they were executed in the name of his agent."
C. J. Vol. 2, Verbo Agency, Page 675.

See also:
Milligan vs. Lyle, 24 La. Ann. 144;
Maher vs. Overton, 9 La. 115.

For the reasons assigned, the judgment appealed from is affirmed.