## LAWHON v. ZIGS, Inc., et al.*

### No. 5331.

Court of Appeal of Louisiana. Second Circuit.

Oct. 30, 1936.

H. B. Lingle and L. L. Lockard, both of Shreveport, for appellant.

E. W. & P. N. Browne, of Shreveport, for appellees.

HAMITER, Judge.

A notarial act of sale was executed on April 26, 1935, by plaintiff, Mrs. Nydia Lawhon, in favor of defendant, Zigs, Inc., represented by Gordon Ziegler, its president, under which the plaintiff sold to defendant "all of the equipment, fixtures and accessories of every kind, comprising the saloon and bar known as the Roosevelt Buffet, and located at municipal number 406 Milam Street, Shreveport, Louisiana, for a total consideration of $1,500.00, payable as follows, to-wit: $1,000.00 cash or its equivalent, receipt of which is hereby acknowledged, and the balance to be represented by ten promissory notes of said buyer of $50.00 each, maturing monthly, and the first falling due on July 1st, 1935,

*Rehearing denied Dec. 11, 1936.

and bearing interest at the rate of 6% per annum from maturity."

The parties also agreed, as revealed by the act, that the notes would be secured by a first vendor's lien and privilege on said property in favor of the seller, and stipulated that a full and complete list of all of the conveyed fixtures and equipment was annexed to and made a part of the instrument evidencing the sale.

On May 1, 1935, the purchaser took possession of the saloon and commenced operating it. Several months later, and after four of the stipulated notes had been paid, Mr. Ziegler was notified by a Mr. Anderson, an employee of Hicks Company, Limited, of Shreveport, which company was an agent for the Anheuser-Busch Brewing Company, that a novelty beer-cooling box or liquid carbonic box, built into and contained in the front bar of the establishment, was the property of such brewing company. On learning of this, defendant, who claimed to have acquired such box under the sale, refused to pay the remaining unpaid notes, totaling $300, until the dispute with reference to said ownership was settled.

Plaintiff then brought this suit against Zigs, Inc., and its president, Gordon Ziegler, praying for judgment in the amount of the notes, and that a writ of sequestration be maintained with recognition of petitioner's lien and privilege upon the property sequestered thereunder.

The defense is that as defendants did not receive title to all of the property sold, they are entitled to a diminution of the purchase price in the amount of the value of the above-mentioned box, which they fixed at $300, the principal of the notes sued on.

The trial court sustained this defense and rejected plaintiff's demands at her cost. This appeal resulted.

The question to be determined is whether or not the sale, as consummated, included the novelty box. Plaintiff insists that it was not so included for the reason that she did not own the box to the knowledge of Ziegler. Such defendant is equally insistent that it was included, and positively denies that he possessed the information attributed to him by plaintiff. It was not disputed on the trial of the case that the property was owned by the Anheuser-Busch Brewing Company. If it be determined that the sale involved the box, a diminution in the purchase price should be allowed to defendant. If otherwise, plaintiff is entitled to judgment as prayed for.

As previously shown, the written contract of sale, a certified copy of which is in the record, recited: "The said seller hereby sells and the said buyer purchases all of the equipment, fixtures and accessories of every kind comprising the saloon and bar. * * *" And the list attached to that document specifically recites one 20-foot front bar, and all bar equipment. The beer box was attached to and constructed in the 20-foot front bar.

Mr. R. C. Rogers, manager of a Shreveport company which distributes the products of the Blatz Brewing Company, and who has installed numerous bars and beer boxes, was familiar with the box in question, and gave the following uncontradicted testimony when asked about its nature: "I will answer that question, Mr. Browne, by describing the process of installation of a beer box in a bar; using your desk there as an example; if that was a bar, a novelty box to be installed would be slipped under that desk; there would be a hole cut in the top of your desk to insert the pipes and the drains, and the novelty box would be set jam-up against it; and it would look to a casual observer to be an integral part of this bar; and if you did not know the difference, you wouldn't see any difference between the bar and the box."

Mr. Rogers further stated that the color of the top of the box was matched with that of the bar, both being a dark oak, and that the box was built into and was a part of the bar itself. This testimony of Mr. Rogers is corroborated by that of other witnesses.

Mr. Anderson, to whom we have above referred, testified as a witness for plaintiff that he informed Mr. Ziegler prior to the sale that the ownership of the box was in the Anheuser-Busch Brewing Company. He further states, however, that he did not remember whether Ziegler made any reply when so informed, but that he naturally supposed that Ziegler understood him. A vigorous denial is made by Ziegler as to his having received this information.

No testimony was given by Mr. Anderson, who was familiar with bars and their construction, as to the nature of the device herein involved and its installation and operation with reference to the 20-foot front bar.

■ Considering the provisions of the written act of sale which we have herein recited, and the oral testimony in the record, particularly that above quoted and referred to, and further considering the fact that the cooling instrument remained installed in and was used as a part of the bar for about four months subsequent to the sale without any question being raised regarding its ownership, we are of the opinion that the sale as completed included the novelty beer box in controversy. It is our belief that Mrs. Lawhon did not intentionally or fraudulently sell something that she did not own, but that she executed the written agreement, which included and conveyed the box, on the erroneous assumption that Mr. Ziegler was sufficiently informed as to the true ownership of the property. On the other hand, we think that Mr. Ziegler entered into and consummated the transaction in the same good faith as did Mrs. Lawhon, with the conviction that he was purchasing all of the equipment, including the box. Accordingly, a reduction on the total purchase price of the saloon and its equipment in an amount equal to the value of the device in question should be allowed herein.

No agreed value was placed by the parties on the novelty box as a separate unit. Defendants' witnesses estimated its worth at the time of the sale in amounts ranging from $275 to $325. Mr. Anderson, who represented the Anheuser-Busch Brewing Company, states that the owner of the box charged it to his employer at $185. Inasmuch as said employer did not sell the box, but placed it in the Roosevelt Buffet under a loan or lease arrangement, such last-mentioned figure, which represents its actual sale price, should be accepted as the true value in preference to the above given estimates. Therefore, plaintiff should have judgment on the notes herein sued on for their total amount less the sum of $185, the actual value of the box.

■ The suit is directed against both Zigs, Inc., and its president, Gordon Ziegler. The notes on which the suit is founded are signed, "Zigs, Inc., by Gordon Ziegler, president." No individual liability on the part of Gordon Ziegler is revealed by the notes, and the suit against him was properly dismissed.

Accordingly, the judgment of the trial court in so far as it concerns plaintiff and Zigs, Inc., is hereby reversed, and there is now judgment in favor of plaintiff, Mrs. Nydia Lawhon and against Zigs, Inc., in the sum of $115, together with 6 per cent. per annum interest from November 1, 1935 on $50, from December 1, 1935, on $50, and

from January 1, 1936, on $15; that the writ of sequestration herein issued be maintained with recognition of plaintiff's lien and privilege upon the property sequestered thereunder. The judgment rejecting plaintiff's demands against Gordon Ziegler is affirmed.

Defendant Zigs, Inc., shall pay the costs of both courts.