LOTTINGER, Judge.
This suit was brought by McManor Plantation, an agricultural partnership composed of Frank S. Noel and J. Meredith Noel, against the defendant, Joseph P. Rouse, for the balance due on the purchase price of a sale of potatoes. It was alleged in the petition that on May 4, 1950, two carloads of potatoes were sold to defendant for the price of $1,375, which amount was paid by means of a draft drawn on H. C. Bergart Company, % Central National Bank, Chicago, Illinois. On May 5, 1950, two more cars were alleged to have been sold defendant for the same price and although a similar draft was given in payment, it was dishonored on presentation. On the following day, May 6, 1950, two additional cars were sold for $687.50, each and two drafts given in payment of same, each of which was dishonored. On May 8, 1950, two more cars were alleged to have been sold defendant for the price of $1325, which amount was paid by check drawn by defendant on the Citizens National Bank in Thibodaux, Louisiana. It was further alleged by plaintiff that after having been notified of the nonpayment of the drafts in the amounts of $1,375, $687.50 and $687.50, it notified defendant, and, after failing to obtain a settlement with him, in order to minimize damages, had a broker sell two of the cars, one for $379.03 net and the other for $457.-82 net. Petitioner also averred that it dealt with defendant as a principal and not as an agent and prayed for judgment in the sum of $1,913.15, being the amount of the three 'dishonored drafts minus the amount received by it when they had two of the cars sold by a broker. Attached to the petition was a sworn itemized account showing dates, car numbers, credits and amount left unpaid.
The defendant, after filing exceptions of no right or cause of action which were referred to the merits, answered admitting *632 that the various drafts and checks were given plaintiff. He averred, however, that at the time of the transaction he was and had been for several years previous an agent and buyer for H. C. Bergart Company' of Chicago, Illinois, a fact which he alleged was generally known in this section of the state and particularly known to plaintiff. It was further set forth that at the time of the first purchase, on May 4, 1950, the defendant informed plaintiff of his capacity as an agent and that being so advised, plaintiff accepted payment for that and succeeding carloads through the medium of drafts drawn on the alleged principal, H. C. Bergart Company. Finally, defendant set out that he had in no way exceeded his authority and as the duly authorized agent of H. C. Bergart Company, he was not liable to petitioner.
After trial on the merits judgment was rendered in favor of the plaintiff as prayed for except that interest was allowed from July 18, 1950, the date of filing suit, instead of May 8, 1950, as asked for by plaintiff. Defendant after applying for a new trial, which was refused, has appealed to this court asking that the judgment be reversed.
Counsel for defendant contends on this appeal that the suit should have been dismissed because of plaintiff’s failure to attach to his petition, introduce into evidence, or account for, the drafts which were unpaid. Or, in other words, he argues that this is actually a suit based on certain negotiable instruments, which must be accounted for in order to maintain the suit. The answer to this, however, is simply that the suit is not one on a negotiable instrument or instruments. The petition as drawn is an action for a balance due directed against the defendant personally. It is, of course, as hereinabove set forth, alleged in some detail that various drafts ■ and checks were given in payment, some of which were honored and some of which were not, but the suit as it stands, is merely one for the balance due as the result of the various sales. Furthermore, the defendant is in no position to complain of the nonproduction of the dishonored drafts for nowhere in either his answer or his testimony does he claim that they have been paid.
The defendant argues next that while in a true case of undisclosed agency it is always encumbent on the defendant claiming to have acted in a representative capacity to assert and prove actual communication of his agency relationship, that this case should be governed by the provisions of LSA-R.S. 7:20, whic/h reads as follows: “Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of the words describing him as an agent, or as filling a representative character without disclosing his principal, does not exempt him from personal liability.”
Counsel cites also the case of Tawhon v. Zigs, Inc., La.App., 170 So. 255, and Maher v. Overton, 9 La. 115. These cases, however, as well as the above quoted excenpt from our Negotiable Instruments Law, deal only with cases where the suit is filed on the instrument itself. While it is true that here both the dishonored drafts and the 'honored ones as well revealed the name of H. C. Bergart Company, that matter is not controlling here for the reason that the suit is not based on the instruments. The only import, as we see it, of the name of the alleged principal appearing on the drafts, is whether that fact, coupled with other evidence, would amount to a disclosure by the agent of his principal. From the evidence taken as a whole, we do not think that it would.
In the case of Dumaine & Co. v. Gay, Sullivan & Co., La.App., 192 So. 117, at page 119, the Court recognized that: “ * * * it is well settled that, in order for an agent to escape personal responsibility, it is necessary for him to disclose the name of his principal at the time he enters into the contract and it is not enough for 'him to show that the other contracting party knew that he was acting as an agent.”
Applying the above quoted rule to the case at bar it is very apparent, from the *633 testimony of the defendant himself, that he did not notify Mr. Frank S. Noel, manager of the plaintiff, of the fact that he was an agent. The pertinent testimony on this point is as fellows:
“Q. When you called on Mr. Noel to purchase potatoes last May, did you advise him at that time you were working for H. C. Bergart Company? A. He knows it. I didn’t have to tell him.
“Q. He knew that? A. Yes, sir.
iji ifc í{« % ^
“Q. When you purchased these potatoes last May from Mr. Noel, did you at any time tell him you were working as an agent for H. C. Bergart Company? A. Yes, .sir.
* * * * * *
“Q. What did you tell Mr. Noel? A. I didn’t tell Mr. Noel anything. He knew who I was buying for.
“Q. You must have had some conversation with him. A. No more than made a •price with him for the potatoes. We loaded the cars. I gave him a draft.
* * * * * ★
“Q. Is it your testimony that on May 4th, Sth, or 6th you told Frank Noel that you were representing Bergart & Company? A. Well, I — No, sir.
“Q. I asked you did you tell him? A. I don’t remember.”
It is quite apparent from the above that the defendant failed to disclose to plaintiff that he was an agent unless it could be said that the plaintiff was so notified by means of the wording of the drafts. The record reveals, however, that such was not the case. According to the testimony of Mr. Noel, the defendant called him over the telephone and sought to purchase some potatoes. Thereafter, he appeared at plaintiff’s loading station, and, on May 4th purchased two cars. The draft for these cars was presented to Mr. Noel the following day and each subsequent sale was made in the same way. Apparently, therefore, from Mr. Noel’s testimony, which is not contradicted by defendant on this point, each ■sale was made one day and the draft, or check presented the next. As these instruments were presented subsequent to the sale, we fail to see how the name of the alleged principal appearing on the drafts would .be sufficient to amount to the required disclosuré by the agent.
For the reasons assigned above the judgment appealed from is affirmed.
Judgment affirmed.